IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  21-cv-808-DWD |
| | ) |
| $146,400.00 IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is a civil forfeiture action pursuant to 28 U.S.C. § 881(a)(6).  Now before the Court is Claimant Wei Chen's Motion for Extension of Time to File Claim (Doc. 13) and the Government's Motion to Strike Claimant's Answer for failure to file a verified claim (Doc. 16).  Claimant received notice of the forfeiture action and filed an answer to the complaint but did not file a verified claim.

## Background

In January 2021, a Task Force Officer ("TFO") with the Drug Enforcement Administration conducted a traffic stop on Interstate 55 in Madison County, Illinois (Verified Compl. Ex. A, at Doc. 1-1).  Claimant was the driver of the stopped vehicle (*Id.* at ¶ 2).  A search of the vehicle revealed "several rubber banded bundles of United States currency inside of plastic grocery bags underneath the rear bench seat" and "underneath the front driver's bucket seat." (*Id.* at ¶ 9).  Claimant stated that the cash was his, but also belonged to others (*Id.* at ¶ 11).  A K-9 sniff confirmed the odor of narcotics on the seized currency (*Id.* at ¶ 15).

The Government filed a Verified Complaint for Forfeiture in this Court alleging that the seized currency constitutes money furnished or intended to be furnished in exchange for a controlled substance, or traceable to such an exchange (Doc. 1). On July 28, 2021, the Government issued a Direct Notice of Civil Judicial Forfeiture indicating that potential claimants must file a claim within 45-days, or by September 11, 2021 (Doc. 4). The Notice was mailed to Claimant by regular and certified mail (Doc. 4). On September 9, 2021, Claimant's counsel filed an answer to the Verified Complaint (Doc. 8). However, Claimant did not file a claim before the 45-day deadline.

On October 7, 2021, Claimant sought leave to file his verified claim, arguing that the failure to file a claim was inadvertent, and further hindered by the need to translate all documents in this matter for Claimant (Doc. 13). The Government opposes this request, arguing that strict compliance with the civil forfeiture rules is required, and Claimant has not shown good cause for his failure to file a timely claim by the notice deadline (Doc. 15). The Government also moves to strike Claimant's Answer for a lack of standing and failure to abide by the requirements of the civil forfeiture rules (Doc. 16).

## Discussion

The procedure for civil forfeiture is governed by 18 U.S.C. § 983 and the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"). 18 U.S.C. § 983(a)(4)(A) provides:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be

>filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

Supplemental Rule G(5) provides that a person asserting an interest in the defendant property may contest the forfeiture by filing a claim. Supp. Rule G(5)(a)(i). The claim must identify the specific property claimed, the claimant and the claimant's interest in the property, be signed by the claimant under penalty of perjury, and be served on the government attorney designated under Rule G(4). Supp. Rule G(5)(a)(i)(A)-(B). Potential claimants have 35 days after the Government files a notice of forfeiture to submit a claim for assets, unless the notice states otherwise or the Court has good cause to set a different time. Supp. Rule G(4)(b)(ii)(B), 5(a)(ii)(A). Here, the Government's notice gave Claimant an additional 10-days to submit a claim, or until September 11, 2021 (*See* Doc. 4). After filing a claim, a claimant must then serve and file an answer to the complaint within 21 days. Supp. R. 5(b).

In order to have standing in a forfeiture proceeding, a claimant must file a verified claim and an answer to the complaint. *See United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597-97 (7th Cir. 2000); *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 213 (7th Cir. 1985). As mentioned above, a claim for assets is not a complicated filing: It need only identify the claimant and the specific property claimed, state the claimant's interest in the property, be signed under penalty of perjury, and be served on the Government. *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 645–46 (7th Cir. 2013). When a claimant files only an answer, without a verified statement, the district court may strike the answer at "any time before

3

trial." *See* Supp. Rule G(8)(c) (the Government may move to strike a claim or answer that does not comply with the Supplemental Rules or because a claimant lacks standing at any time before trial).

Here, the Court is also mindful that the Federal Rules of Civil Procedure remain "in play" in the midst of civil forfeiture actions. *Untied States v. All. Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 719 (7th Cir. 2015) ("Parties to civil forfeiture proceedings are the servants of two procedural masters: the Supplemental Rules devised for . . . *in rem* proceedings, and the generally applicable Federal Rules of Civil Procedure.") (internal citations omitted). While "strict compliance" with the supplemental rules is typically required, *see United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir. 2000), district courts have discretion to allow a late filed claim. *United States v. U.S. Currency in the amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir. 1988). This discretion is not, however, unbounded. *Id.; see also* Fed. R. Civ. P. 6(b)(2) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").

In determining whether a claimant should be permitted to file a late claim, the district court should consider the following factors: 1) the time at which the claimant became aware of the seizure; 2) the reasons proffered for the delay; 3) whether the claimant advised the Court and the Government of its interest in the currency before the claim deadline; 4) whether the Government would be prejudiced by allowing the late filing; 5) the sufficiency of the answer in meeting the basic requirements of the verified

claim; and 6) whether the claimant timely petitioned for an enlargement of time. *See U.S. Currency, the Amount of 103,387.27*, 863 F.2d at 562; *United States v. $61,500.00 U.S. Currency*, 2009 WL 3053717, at *2 (S.D. Ill. Sept. 21, 2009).

Claimant's answer failed to meet the basic requirements for a claim for assets because it was not signed under the penalty of perjury, an essential requirement for the filing of a claim. *United States v. U.S. Currency in the amount of $103,387.27*, 863 F.2d 555, 561-62 (7th Cir. 1988). Nevertheless, the Court may consider whether Claimant should be given an opportunity to file his late claim. After considering Claimant's proffered reasons for the delay and the factors enumerated by the Seventh Circuit, the totality of the circumstances here favor permitting Claimant to file a late claim.

The Court agrees with Claimant that his answer provided adequate notice to the Court and the Government of Claimant's interest in the currency. Although Claimant was made immediately aware that the assets were in the Government's custody in January 2021 because Claimant was present during the seizure (Doc. 1-1, ¶ 2), Claimant filed and served his answer claiming an interest in the assets *before* the initial claim deadline. Further, upon discovering the procedural deficiencies, Claimant's counsel quickly moved to submit his claim. The proposed verified claim attached to Claimant's motion further appears to be verified and in compliance with the Supplemental Rules. While counsel's untimeliness is "imputed" to Claimant, *see United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 598 (7th Cir. 2000), Claimant's proffered language barrier weighs in favor of extending the deadline here.

The Court also agrees that the Government has not been significantly prejudiced by the delay, although there are legitimate concerns regarding evidence becoming stale and the Government's ability to obtain testimony from relevant witnesses. Claimant's motion was filed less than a month from the original claim deadline, and before any substantial deadlines passed in this matter. Moreover, the Government's Verified Complaint indicates that Claimant may have an ownership interest in the assets thereby diminishing any surprise that Claimant would have an interest in filing a claim.

As the Seventh Circuit has reasoned, "[w]here the claimants have made a good-faith effort to file a claim and where the government can show absolutely no prejudice by the granting of an extension of time, we think it an abuse of discretion to deny an extension of time to amend a claim of ownership, absent any countervailing factors. This is especially true in a case where the defect is technical, where it was made by the attorney and not the claimants, and where the amount of currency is so large." *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 563 (7th Cir. 1988).

Accordingly, and considering the totality of the circumstances, the Court **GRANTS** Claimant's Motion for Extension of Time to File Claim (Doc. 13). Claimant is **DIRECTED** to file his Verified Claim by **February 11, 2022**. The Government's Motion to Strike Answer (Doc. 16) is **DENIED, without prejudice**.

**SO ORDERED.**

Dated: February 9, 2022

DAVID W. DUGAN
United States District Judge